The judgment of the court was pronounced by
Slidell, J.
In 1847, Brenham applied to the Memphis Insurance Company for insurance on the freight of the steamer Ambassador, for account of whom it. may concern ; and a policy “ for account of whom it may concern” was given to him. During the period covered by the policy the steamer was destroyed by fire. The amount of freight list was $6,863 26. Of this, John H. James *541 claimed three-fourths; Brenham claimed the whole. It may be assumed, as a well settled'principle in the law of insurance, that an insurance in such words is not only to be limited to those who have an insurable interest in the property, and may be lawfully insured but must be also restricted to those for whom the insurance was in fact intended, and by whom it was previously directed or authorized, or subsequently, in due season adopted. See Duer on Insurance, vol. 2, p. 30. Arnould on Insurance, p. 25. Catlitt v. Pacific Insurance Company, 1 Wendell, 561. Same case, 4 Wendell, 79.
The conclusion from the evidence is irresistible, that in taking out the policy, Brenham, did not intend to acknowledge any interest in James, or embrace such interest in the contract. He had the. sole possession of the steamer since December, 1845, at which time he purchased her at a judicial sale, preceded by a seizure of the vessel, and under a sheriff’s deed which purported to convey the vessel, and not the mere interest of Brenham in her. There was an attempt in the oral argument to limit the seizure and sale to the one-fourth interest; but this is in direct conflict with the pleadings and proceedings in the case of Gilmore and Henderson v. Brenham, which are in evidence in this case. Since December, 1845, to the time of the loss, Brenham had possession of the entire boat, claiming absolute ownership of her, and held adversely to James and every body else. She was registered and run solely in his name. All his acts since the judicial purchase are directly hostile to any interest in James ; and there is not a shadow of ground for the proposition that the protection of any equijgide interest of James, if any such existed, was ever contemplated either by or the under-writers. But, it is said by the under-writers, that there wffl|Bf existing interest in James. That James is not covered quoad in that interest, because he was not contemplated as a party to be protected by the contract; and that Brenham cannot recover quoad that interest, because it was not in him; and his only insurable interest was one-fourth.
Upon this point it is urged, that the judicial sale of the entire boat was brought about by a collusion between Brenham, and one or some of the seizing creditors to destroy the alleged interest oí James: and that Brenham’s acquisition and subsequent possession are tainted with fraud. It appears from the evidence, ’that when the boat was seized upon various executions, one of which was in the case of Gilmore and Henderson v. Brenham, James came into the cause by a third opposition, and rersisted the seizure and sale of the entire vessel, upon -the ground that he (James) was the owner of three-fourths. In that controversy, it was finally adjudged that Janies was not an owner. See Gilmore v. Brenham, 3d Ann. 32. And, upon this state of facts, it has been urged, and not without plausibility, by Brenham, who claims under the execution of Gilmore and Henderson, that the absence of title in James is res judicata. Without expressing an opinion upon that point, we deem it sufficient to say, that there was such a vested legal interest in Brenham, at the time of the insurance and of the 'loss,' by reason of the sheriff’s deed, and the long, continuous, and undisturbed possession under it, as gave Brenham an insurable interest in the entire freight. He is consequently entitled to recover the entire amount insured.
What may be the equitable recourse of James against Brenham, by reason of the alleged frauds, which resulted in the judicial transfer of the entire vessel to Brenham, is a matter to be settled between them elsewhere, and which we do not consider as effecting the right of Brenham to recover from the underwriters. The motion to dismiss this appeal cannot be sustained. The motion for appeal was properly made in the month in which the judgment was signed.
*542 It is therefore ordered, adjudged and decreed, that the judgment of the inferior e°m't be reversed ; that the defendant, Charles J. Brenham, recover from the plaintiff, the Memphis Insurance Company, the sum of money in controversy, amounting to five thousand one hundred and forty-seven dollars forty-four and one-half cents. That the demand of John H. James for the said sum of money be rejected ; that the demand of the plaintiff, the Memphis Insurance Company, to recover the said sum of money presented in their supplemental petition be rejected. That the costs of this appeal be paid equally by the said Memphis Insurance Company and the said John H. James. That the costs of the inferior court accrued before the filing of the supplemental petition by the said plaintiff, be paid by said John H. James; and that the costs accrued since the fifing of said supplemental petition by the said plaintiff be paid equally by the said Insurance Company and John H. James ; and that the said sum of money be paid over to the intervenors, according to an agreement of the counsel of Brenham and the intervenors, filed of record.